UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER BROWN,

V.

PRISONER
CASE NO. 3:11-cv-1622 (RNC)

ROGER S. DOBRIS, et al.,

### INITIAL REVIEW ORDER

Plaintiff, a Connecticut inmate, brings this action *pro se* under 42 U.S.C. § 1983 against two state prosecutors alleging that they engaged in misconduct during a criminal trial in state court in 2005. Plaintiff alleges that the defendants violated his Sixth Amendment right to confrontation when they improperly elicited hearsay statements from witnesses. He also complains about alleged improprieties during closing argument. He seeks monetary damages.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review the complaint and dismiss any part of it that fails to state a claim on which relief may be granted. To state a claim on which relief may be granted, a complaint must plead facts supporting a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's complaint does not state a claim on which relief may be granted because his claims against the defendants are barred in their entirety by prosecutorial immunity. Under 42 U.S.C. § 1983, a prosecutor cannot be held liable for damages (i.e. he is immune from liability) for allegedly wrongful acts

performed in his role as an advocate. *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). This immunity clearly applies to allegedly wrongful conduct by a prosecutor in examining witnesses and presenting closing argument. Whether the prosecutor acted with malice, as alleged here, is legally irrelevant to the existence of the immunity.

Accordingly, the action is hereby dismissed. If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Pro Se Prisoner Litigation Office will send a courtesy copy of the Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit. The Clerk will enter judgment for the defendants and close the case.

So ordered this 27th day of September 2012.

                                        /s/
                              Robert N. Chatigny
                         United States District Judge